UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEVERLY WATSON | § | |
|     Plaintiff, | § | C.A. NO. 4:08-CV-01218 |
| | § | |
| V. | § | |
| | § | |
| UNIVERSITY OF TEXAS | § | |
| HEALTH SCIENCE CENTER; | § | JURY TRIAL DEMANDED |
| AND MARCIS & ASSOCIATES, INC. | § | |
|     Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff BEVERLY WATSON ("Plaintiff") and complains of Defendants University of Texas Health Science Center ("UTHSC") and Marcis & Associates, Inc. ("Marcis") (collectively "Defendants"), and for cause of action would show the Court as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, compensatory and punitive damages, taxable costs of court, prejudgment and post-judgment interest for workers' compensation retaliation suffered by Plaintiff in the course of her employment with Defendants.

2. Plaintiff demands a jury on all issues triable to a jury.

3. This action is brought under the Texas Labor Code 451.001, *et seq.*, and the common laws of the State of Texas.

## II.
## PARTIES

4. Plaintiff, Beverly Watson is an individual currently residing in Houston, Harris County, Texas. At the time of the incidents made the basis of this suit, Plaintiff was a resident of Houston, Harris County, Texas.

5. Defendant University of Texas Health Science Center ("UTHSC") is a component of The University of Texas System and the University of Texas. Defendant UTHSC may be served with process herein by serving its President, Dr. James T. Willerson, The University of Texas Health Science Center at Houston, 7000 Fannin, Suite 1200, Houston, Texas 77030, or the Board of Regents of the University of Texas System, 201 W. 7th St., Austin, Texas 78701.

6. Defendant Marcis & Associates, Inc. is a Domestic Corporation duly authorized to do business in the State of Texas. Service of the Summons and this Complaint may be made by serving Defendant Marcis' registered agent, Thomas A. Adams, III, 722 Pin Oak Road, Suite 202, Katy, Texas 77494.

7. Whenever in this petition it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

## III.
## JURISDICTION AND VENUE

8. This claim is brought pursuant 42 U.S.C. § 1981, and § 21.00, *et. seq.* of the Texas Labor Code.

9. This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

10. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since the substantial part of the events or omissions giving rise to this cause of actions occurred in the Southern District of Texas.

11. All conditions precedent to filing this cause of action have been met.

12. This Court has jurisdiction over all claims in this action under the Texas Labor Code.

13. The amount in controversy is within the jurisdictional limits of this Court.

## IV.
## FACTS

14. Plaintiff is a citizen of Houston, Harris County, Texas.

15. Plaintiff was hired by Defendants in October 2004 to work as on the housekeeping staff during the night shift.

16. Plaintiff was a joint employee of Defendants.

17. Plaintiff was an employee of Defendant UTHSC.

18. Plaintiff was an employee of Defendant Marcis.

19. Plaintiff was employed in the housekeeping department.

20. Plaintiff's work location was at UTHSC.

21.     Plaintiff worked the second shift which began at 3:30 p.m.

22.     Carmen Carillo was Plaintiff's supervisor until approximately February 2006.

23.     Carmen Carillo is an employee of Defendant Marcis.

24.     Plaintiff was qualified for the position she held during all time relevant to the incidents made the basis of this suit

25.     From 2004 until March 2006, Plaintiff's rate of pay was $6.50 per hour and she worked forty (40) hours per week.

26.     Plaintiff was transferred from the night shift to the evening shift in January 2006.

27.     On March 14, 2006, Plaintiff sustained an on-the-job injury to her left knee.

28.     Defendants reported to the Workers' Compensation Division that Plaintiff's rate of pay was $5.75 per hour.

29.     Plaintiff notified Defendants that her rate of pay was $6.50 per hour but Defendants refused to review Plaintiff's pay records and correct the error.

30.     Plaintiff returned to work on light duty in May 2007, working five hours per day and five days a week.

31.     When Plaintiff returned to work in May 2007, she was still receiving medical treatment for the on-the-job injury and had not yet reached maximum medical improvement.

32. Plaintiff's rate of pay in May 2007 was $5.75 per hour and Defendants never provided Plaintiff with any explanation of why she was being paid $.75 less per hour after her on-the-job injury.

33. Plaintiff re-injured her knee in August 2007 and is expected to remain off work on medical leave until October 2008.

34. During the time Plaintiff was off work on medical leave, Plaintiff provided all appropriate documentation to Defendants.

35. After Plaintiff's re-injury in August 2007, Defendants again reported to the Workers' Compensation Division that Plaintiff's hourly wages were $5.75 per hour.

36. Plaintiff was subjected to retaliation by Defendants because she filed a workers' compensation claim with the Texas Workers' Compensation Commission.

37. Plaintiff was subjected to different terms and conditions of employment because she filed a workers' compensation claim with the Texas Workers' Compensation Commission.

38. Plaintiff was not afforded the same terms and conditions of her employment as similarly situated employees who had not filed workers' compensation claims.

39. Plaintiff was subjected to retaliation by Defendants because of her race/color.

40. Plaintiff was subjected to different terms and conditions of employment because of her race/color.

41. Plaintiff was not afforded the same terms and conditions of her employment as similarly situated employees who were not of Plaintiff's race/color.

42. On or about February 2006, Zoila Gongora ("Gongora") was promoted to acting shift supervisor.

43. Gongora's primary language is Spanish.

44. In February 2006, Gongora was not fluent in English.

45. In February 2006, Gongora lacked the ability to converse in English.

46. In February 2006, Gongora lacked the ability to fluently write in English.

47. In February 2006, Gongora did not have sufficient language skills to provide information and instructions in English to the non-Spanish speaking employees.

48. In February 2006, Gongora did not have sufficient writing skills to provide information and instructions in English to the non-Spanish speaking employees.

49. Marcis knew that Plaintiff was filing a Workers' Compensation claim for the on the job injury of March 14, 2006.

50. Prior to Plaintiff's filing of a Workers' Compensation claim, her hourly rate of pay was $6.50 per hour.

51. Defendants never responded to Plaintiff's request for an explanation of why her hourly rate of pay was decreased.

52. Defendants never took any action to stop the retaliation.

53. Defendants never took any action to stop the discrimination.

## V.
## **WORKERS' COMPENSATION RETALIATION**

54.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

55.     Pursuant to the Texas Workers' Compensation statutes, Plaintiff filed a Workers' Compensation claim with the Texas Department of Insurance Division of Workers' Compensation under Claim No. 06-226303.

56.     When Plaintiff returned to work in May 2007, her hourly rate of pay was reduced in violation of Texas Labor Code 451.001, *et seq.*, for which Plaintiff now sues.

## VI.
## **RACE DISCRIMINATION UNDER 42 U.S.C. § 1981**

57.     Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

58.     Plaintiff's race is black, African-American, a protected group that the Civil Rights Act of 1991, 42 U.S.C. § 1981 and 42 U.S.C. § 1981a intended to protect.

59.     As such, Plaintiff is a member of an ethnic group which is, and is commonly perceived as being, ethnically and physiognomically distinct.

60.     At all relevant times, Plaintiff was qualified for the position she held during her employment by Defendant.

61.     Defendant discriminated against Plaintiff because of her race.

62.     Defendant subjected Plaintiff to different terms, conditions and privileges of employment because of her race, in violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981, and 42 U.S.C. § 1981a, for which Plaintiff requests punitive damages.

63.     Defendant discriminated against Plaintiff because of race and color by tolerating and failing to take affirmative action to correct unlawful employment practices, by discriminating against Plaintiff with respect to the terms, conditions and privileges of her employment because of his race, through denial of her employment rights and benefits, promotions and achievements, and by terminating her, all in violation of 42 U.S.C. § 1981, and 42 U.S.C. § 1981a.

64.     Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Plaintiff.

65.     As a result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered loss of wages, both in the past and in the future.

## VII.
## DISCRIMINATION ON THE BASIS OF RACE

66.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

67.     Plaintiff's race is black, African American.

68.     By the above-described acts, Defendant discriminated against Plaintiff because of her race by discriminating against her with respect to terms, conditions and privileges of her employment through denial of her employment rights and benefits, all in violation of Chapter 21, Section 21.001, *et seq.* of the Texas Labor Code and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et seq*.

69.     Plaintiff was qualified for her job at all relevant times.

70. Defendant acted with malice or, in the alternative, with reckless indifference to the state and federally protected rights of Plaintiff.

71. As a result of Defendant's discriminatory actions, Plaintiff has suffered loss of wages and benefits.

## VIII.
## DAMAGES

72. As a result of Defendants' conduct, including violation of the Texas Workers' Compensation statutes, Texas Labor Code 451.001, *et seq.*, Plaintiff seeks the following relief: (1) back pay; (2) compensation for lost future pay or front pay; (3) benefits in the past and the future; (4) liquidated damages; (5) costs, expert witness fees and attorneys' fees; (6) mental anguish and emotional distress in the past and future; (7) compensatory damages; and (8) pre-judgment and post-judgment interest as allowed by law.

73. Additionally, since Defendants' actions were committed maliciously, willfully, and/or with reckless indifference to Plaintiff's federally protected rights, Plaintiff is entitled to recover punitive, liquidated, and or exemplary damages in an amount sufficient to deter Defendants and others similarly situated from this conduct in the future.

## IX.
## ATTORNEY'S FEES

74. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

75. Plaintiff is entitled to recover attorney's fees and costs for bringing this action pursuant to 29 U.S.C. §2601, *et seq.*, 42 U.S.C. § 1988, and other relevant statutes.

## X.
## JURY DEMAND

76. Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## XI.
## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully prays that upon final hearing and trial hereof, this Court grant Plaintiff judgment for the following:

   a. For actual damages for the period of time provided by law, including appropriate backpay and reimbursement (both past and future) for lost pension, insurance, and all other benefits;

   b. Reinstatement to original pay, or front pay, including benefits, in lieu of reinstatement;

   c. For compensatory damages and punitive damages as allowed by law;

   d. Liquidated damages as allowed by law;

   e. For attorneys' fees both for this cause and for any and all appeals as may be necessary;

   f. For expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

   g. Emotional distress and mental anguish;

   h. For pre-judgement and post-judgement interest as allowed by law;

   i. For costs of court and other costs of prosecuting Plaintiff's claim; and

  j. For such other and further relief to which Plaintiff may be justly entitled.

    Respectfully submitted,

    THE LAW OFFICE OF CHRISTOPHER LEONARD


    /s/ Christopher Leonard
    Christopher Leonard
    State Bar No. 24035075
    6207 Culberson Street
    Houston, Texas 77021
    Telephone: (713) 741-4565
    Telecopier: (713) 748-7261

    Of Counsel:
     Joseph Y. Ahmad
     State Bar No. 00941100
     Federal I.D. No. 11604
     joeahmad@azalaw.com
     Ahmad, Zavitsanos & Anaipakos, P.C.
     3460 One Houston Center
     1221 McKinney Street
     Houston, Texas  77010-2009
     Telephone:  (713) 655-1101
     Telecopier:  (713) 655-0062

    ATTORNEYS FOR PLAINTIFF,
    BEVERLY WATSON

## **NOTICE OF ELECTRONIC FILING**

 I, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing document in accordance with the Electronic Case Filing System of the U.S. District Court for the Southern District of Texas, on this the 25th day of March, 2009.


    /s/ Christopher Leonard
    Christopher Leonard