IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEVERLY WATSON, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-09-0881 |
| § | | |
| THE UNIVERSITY OF TEXAS § | | |
| HEALTH SCIENCE CENTER, § | | |
| *et al.*, § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

This employment case is before the Court on the Motion for Partial Dismissal ("Motion") filed by Defendant The University of Texas Health Science Center ("UTHSC").[1] Plaintiff Beverly Watson neither filed a response in opposition to the Motion nor requested additional time to do so. Having reviewed the record and the applicable legal authorities, the Court **grants** the Motion.

## I.   BACKGROUND

In October 2004, Plaintiff began working for Marcis & Associates, Inc. ("Marcis") as a member of Defendant UTHSC's housekeeping staff. Plaintiff alleges that in March 2006, she suffered an on-the-job injury to her left knee. Plaintiff alleges

---

[1]   Defendant Marcis & Associate, Inc. has been served, but its answer or other response to Plaintiff's complaint is not yet due.

that she returned to light duty work in May 2007, but again injured her knee in August 2007.  Plaintiff received Workers' Compensation payments while she was off from work as a result of the knee injuries, but alleges that "Defendants" reported to the Workers' Compensation Division a lower rate of pay than she was actually being paid.

Plaintiff alleges that she was retaliated against for filing a claim with the Texas Workers' Compensation Commission and that she was discriminated against on the basis of her race (African American).  She asserts causes of action in violation of 42 U.S.C. § 1981, Chapter 21 of the Texas Labor Code (the Texas Commission on Human Rights Act or TCHRA), § 451.001 of the Texas Labor Code, and Title VII of the Civil Rights Act of 1984.

UTHSC filed a Motion to dismiss the § 1981 claim and the two Texas Labor Code claims as barred by the Eleventh Amendment.

## II.  STANDARD FOR MOTION TO DISMISS

A defendant may challenge a court's jurisdiction over a claim through a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  In examining a motion pursuant to Federal Rule of Civil Procedure 12(b)(1), the district court is empowered to consider matters of fact which may be in dispute.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate

the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998).

### III.   ANALYSIS

The Eleventh Amendment prohibits a federal court from exercising jurisdiction over lawsuits against non-consenting states and state agencies. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983). Defendant UTHSC, as a part of the University of Texas system, is a state agency protected by Eleventh Amendment sovereign immunity. *See Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008); *Sullivan v. Univ. of Texas Health Science Ctr.*, 217 F. App'x 391, 392 (5th Cir. Feb. 13, 2007).

Plaintiff's § 1981 claim is barred by the Eleventh Amendment. *See Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981); *Hines v. Miss. Dept. of Corrections*, 239 F.3d 366, 2000 WL 1741624, *3 (5th Cir. Nov. 14, 2000). The Eleventh Amendment precludes Plaintiff from asserting in federal court her claims under Chapter 21 of the Texas Labor Code and under §451.001 of the Texas Labor Code. *See Hernandez v. Texas Dept. of Human Servs.*, 91 F. App'x 934, 935 (5th Cir. 2004); *Perez v. Region 20 Educ. Servs. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002).[2]

---

[2]   Additionally, the State of Texas has not waived its sovereign immunity in connection with Plaintiff's retaliation claim under § 451.001 and, as a result, that claim could not be asserted against UTHSC in state or federal court.

## IV.     CONCLUSION AND ORDER

Defendant UTHSC enjoys sovereign immunity under the Eleventh Amendment and Plaintiff's claims under 42 U.S.C. § 1981 and the Texas Labor Code are barred. Accordingly, it is hereby

**ORDERED** that Defendant UTHSC's Motion for Partial Dismissal [Doc. # 4] is **GRANTED**. Plaintiff's claims against UTHSC pursuant to 42 U.S.C. § 1981 and the Texas Labor Code are **DISMISSED**.

SIGNED at Houston, Texas, this **27th** day of **May, 2009**.

*[signature]*

Nancy F. Atlas
United States District Judge